UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**COMMODITY FUTURES TRADING COMMISSION**,

Plaintiffs

v.

**TRADEWALE LLC**, *et al.*,

Defendants.

Civil Action No. 21-17776 (ZNQ) (DEA)

ORDER

**THIS MATTER** comes before the Court upon an unopposed Motion for Default Judgment (the "Motion") (ECF No. 14) filed by Plaintiffs Commodity Futures Trading Commission ("CFTC") against Defendants Tradewale LLC, Tradewale Managed Funds (collectively, "Defendants"). For the reasons set forth in the accompanying Opinion filed herewith:

**IT IS** on this **4th day** of **May 2023**,

**ORDERED** that the Motion for Default Judgment (ECF No. 14) is hereby **GRANTED;** and it is further

**ORDERED** that default judgment is hereby entered in favor of CFTC against Defendants; and it is further

**ORDERED** that Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly:

(a) Engaging in conduct that violates Sections 2(c)(2)(C)(iii)(I)(cc), 4b(a)(2)(A)–(C), 4k, 4m(1), and 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6b(a)(2)(A)–(C), 6k, 6m(1), and 6o(1)(A) and (B) (2012); and Regulations 3.12, 4.41(a), 5.2(b), and 5.3(a)(2)(i) and (ii), 17 C.F.R. §§ 3.12, 4.41(a), 5.2(b), and 5.3(a)(2)(i) and (ii) (2016);

(b) trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012) );

1

(c) entering into any transaction involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014)) for their own personal account or for any account in which they have a direct or indirect interest;

(d) having any commodity interests traded on their behalf;

(e) controlling or directing trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

(f) soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

(g) applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2016);

(h) acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2016) ), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2016);

(i) Engaging in any business activities related to commodity interests; and it is further

**ORDERED** that, pursuant to Section 6c(d)(3)(A) of the Act, 7 U.S.C. §13a-1(d)(3)(A) (2018), Defendants are ordered to pay, on a joint and several basis, restitution in the amount of $713,520.00, plus post-judgment interest thereon (the "Restitution Obligation"); and it is further

**ORDERED** that post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined pursuant to 28 U.S.C. § 1961 (2012); and it is further

**ORDERED** that the National Futures Association ("NFA") is hereby appointed as monitor ("Monitor") to distribute payments made against the Restitution Obligation; and it is further

**ORDERED** that because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from its appointment as Monitor, other than actions involving fraud; and it is further

**ORDERED** that the Monitor shall collect payments from Defendants and made distributions as follows:

2

1. Defendants shall make Restitution Obligation payments under this Order to the Monitor in the name "Tradewale LLC and Tradewale Management Fund – Restitution Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, accompanied by a cover letter identifying the paying Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

2. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' Customers identified by the CFTC, or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative cost of making a distribution to eligible pool participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC pursuant to the instructions for civil monetary penalty payments set forth below.

3. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' Customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they hold in any repository, bank, investment, or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

4. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' Customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

5. The amounts payable to each Customer shall not limit the ability of any pool participant to prove that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any pool participant that exist under state or common law.

6. Pursuant to Fed R. Civ. P. 71, each customer who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any

> provision of this Order and to hold the Defendants in contempt for any violations of any provision of this Order.
>
> 7. To the extent that any funds accrue to the U.S. Treasury for satisfaction of the Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above; and it is further

**ORDERED** that, pursuant to Section 6c(d)(1)(A) of the Act, 7 U.S.C. § 13a-1(d)(1)(A) (2018), Defendants are to pay, on a joint and several basis, a civil monetary penalty in the amount of $2,140,560.000, plus post-judgment interest thereon (the "CMP Obligation"). Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined pursuant to 28 U.S.C. § 1961 (2012); and it is further

**ORDERED** that CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> HQ Room 181
> Oklahoma City, OK 73169
> (405) 954-6569 office
> (405) 954-1620 fax
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, then Defendants shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter identifying Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, DC 20581; and it is further

**ORDERED** that acceptance by the Commission or the Monitor of any partial payment of the Defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance; and it is further

**ORDERED** that the injunctive and equitable relief provisions of this Order shall be binding upon the Defendants, upon any person under the authority or control of any Defaulted Defendant, and upon any person who receives actual notice of this Order, by personal service, email, facsimile or otherwise insofar as he or she is acting in active concert or participation with the Defendants; and it is further

**ORDERED** that all notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Manal M. Sultan
Deputy Director
Division of Enforcement
Commodity Futures Trading Commission
290 Broadway, 6th Floor
New York, NY 10007

Notice to Monitor:

Daniel Driscoll
Executive Vice President, COO
National Futures Association
300 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606-3447

All such notices to the Commission or the Monitor shall reference the name and docket number of this action; and it is further

**ORDERED** that the CFTC shall seek appropriate relief within 30 days of the entry of this Order as to Defendant Valdus Dapkus, the sole remaining defendant and against whom default was entered by the Clerk's Office on March 22, 2023, or Defendant Dapkus will be dismissed with prejudice.

Date: **May 4, 2023**

      s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**