UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COMMODITY FUTURES TRADING
COMMISSION,

          Plaintiff

          v.

TRADEWALE LLC, *et al.*,

          Defendants.

Civil Action No. 21-17776 (ZNQ) (DEA)

**ORDER**

**THIS MATTER** comes before the Court upon an unopposed Motion for Default Judgment (the "Motion," ECF No. 23) filed by Plaintiff Commodity Futures Trading Commission ("CFTC") against Defendant Valdas Dapkus ("Dapkus"). For the reasons set forth in the accompanying Opinion filed herewith:

**IT IS** on this **28th** day of **November 2023**,

**ORDERED** that the Motion for Default Judgment (ECF No. 23) is hereby **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that default judgment is hereby entered in favor of CFTC and against Defendant Dapkus as to Counts I and II of the Complaint; and it is further

**ORDERED** that Dapkus is permanently restrained, enjoined, and prohibited from directly or indirectly:

    (a) Engaging in conduct that violates Sections 4b(a)(2)(A)–(C), 7 U.S.C. § 6b(a)(2)(A)–(C); and Regulation 5.2(b), 17 C.F.R. § 5.2(b);

    (b) trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012));

1

(c) entering into any transaction involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014)) for his own personal account or for any account in which he has a direct or indirect interest;

(d) having any commodity interests traded on his behalf;

(e) controlling or directing trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

(f) soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

(g) applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2016);

(h) acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2016)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2016);

(i) Engaging in any business activities related to commodity interests; and it is further

**ORDERED** that, pursuant to Section 6c(d)(3)(A) of the Act, 7 U.S.C. §13a-1(d)(3)(A) (2018), Dapkus is liable, on a joint and several basis with Tradewale LLC and Tradewale Managed Fund (collectively, "Tradewale"), for the restitution this Court previously ordered Tradewale to pay—$713,520.000 minus post-judgment interest thereon (hereinafter the "Joint Restitution Obligation," *see* ECF Nos. 21, 22); and it is further

**ORDERED** that post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined pursuant to 28 U.S.C. § 1961 (2012); and it is further

**ORDERED** that the National Futures Association ("NFA"), previously appointed by this Court as monitor ("Monitor") to distribute payments made against Tradewale's restitution obligation as ordered at ECF Nos. 21 and 22, shall continue distributing payments as Monitor that are made against the Joint Restitution Obligation; and it is further

**ORDERED** that because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from its appointment as Monitor, other than actions involving fraud; and it is further

**ORDERED** that the Monitor shall collect payments from Dapkus,[1] and shall make distributions as follows:

1. Dapkus shall make Joint Restitution Obligation payments under this Order to the Monitor in the name "Valdas Dapkus – Restitution Fund" and shall send such Joint Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, accompanied by a cover letter identifying Dapkus as payor and the name and docket number of this proceeding. Dapkus shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

2. The Monitor shall oversee the Joint Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Tradewale's Customers identified by the CFTC, or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Joint Restitution Obligation payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative cost of making a distribution to eligible pool participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC pursuant to the instructions for civil monetary penalty payments set forth below.

3. Dapkus shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Tradewale's Customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Joint Restitution Obligation payments. Dapkus shall execute any documents necessary to release funds that they hold in any repository, bank, investment, or other financial institution, wherever located, in order to make partial or total payment toward the Joint Restitution Obligation.

4. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Tradewale's Customers during the previous year. The Monitor shall transmit this report under a cover

---

[1] This Order does not affect Tradewale's continued obligation to make payments against the Joint Restitution Obligation, or NFA's continued obligation to monitor such payments made by Tradewale. (ECF Nos. 21, 22.)

letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

5. The amounts payable to each customer shall not limit the ability of any pool participant to prove that a greater amount is owed from Dapkus or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any pool participant that exist under state or common law.

6. Pursuant to Fed R. Civ. P. 71, each customer who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Dapkus to ensure continued compliance with any provision of this Order and to hold Dapkus in contempt for any violations of any provision of this Order.

7. To the extent that any funds accrue to the U.S. Treasury for satisfaction of the Joint Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above; and it is further

**ORDERED** that, pursuant to Section 6c(d)(1)(A) of the Act, 7 U.S.C. § 13a-1(d)(1)(A) (2018), Dapkus is to pay, on a joint and several basis with Tradewale, the civil monetary penalty this Court previously ordered Tradewale to pay—$2,140,560.00 minus post-judgment interest thereon (hereinafter the "Joint CMP Obligation"); and it is further

**ORDERED** that the Joint CMP Obligation shall be paid by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

MMAC/ESC/AMK326
Commodity Futures Trading Commission
Division of Enforcement
6500 S. MacArthur Blvd.
HQ Room 181
Oklahoma City, OK 73169
(405) 954-6569 office
(405) 954-1620 fax
9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, then Dapkus shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Dapkus shall accompany payment of the Joint CMP Obligation with a cover letter identifying himself and the name and docket number of this proceeding. Dapkus shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, DC 20581; and it is further

**ORDERED** that acceptance by the Commission or the Monitor of any partial payment of Dapkus's Joint Restitution Obligation or Joint CMP Obligation shall not be deemed a waiver of his obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance; and it is further

**ORDERED** that the injunctive and equitable relief provisions of this Order shall be binding upon Dapkus, upon any person under the authority or control of any Defaulted Defendant, and upon any person who receives actual notice of this Order, by personal service, email, facsimile or otherwise insofar as he or she is acting in active concert or participation with Dapkus; and it is further

**ORDERED** that all notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Manal M. Sultan
Deputy Director
Division of Enforcement
Commodity Futures Trading Commission
290 Broadway, 6th Floor
New York, NY 10007

Notice to Monitor:

Daniel Driscoll

Executive Vice President, COO
National Futures Association
300 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606-3447

All such notices to the Commission or the Monitor shall reference the name and docket number of this action; and it is further

    **ORDERED** that the Clerk is instructed to mark this matter **CLOSED**.

Date: **November 28, 2023**

                                                                       ZAHID N. QURAISHI
                                                                       UNITED STATES DISTRICT JUDGE